UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TED A. McCRACKEN,

                Plaintiff,

    -against-
                                MEMORANDUM AND ORDER
                                06-CV-3892 (JS)(ARL)

DANIEL PATRICK FASS, ET AL.

                Defendants.
----------------------------------------X

Appearances:

For Plaintiff:        Ted A. McCracken, pro se
                       15 Derry Drive
                       North Wales, PA 19454

For Defendants:       No appearances

SEYBERT, District Judge:

       Pending before the Court is an Amended Complaint filed on August 14, 2006 by pro se Plaintiff Ted A. McCracken ("McCracken" or "Plaintiff").[1] Plaintiff alleges that the Defendants violated his constitutional rights. For the reasons below, the Court sua sponte dismisses the Amended Complaint with prejudice.

## **BACKGROUND**

       In the first paragraph of the Amended Complaint, Plaintiff claims that the Defendants forced his former wife and daughter into various sexual acts, which the Court refuses to quote for fear of bordering on the offensive. (Amended Complaint ("Am. Compl.") ¶ 1.) Plaintiff sets forth a litany of accusations

---

[1] Plaintiff filed his original complaint on August 10, 2006.

against inter alia, President George Bush, Vice President Cheney, Suffolk County, New York State, the United States of America and several unidentified defendants. Plaintiff alleges, inter alia, that the Defendants extorted his wife and daughter into committing criminal acts, including prostitution. Plaintiff seeks monetary damages and injunctive relief.

### DISCUSSION

Because Plaintiff proceeds pro se, the Court reads the Complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) (With a pro se plaintiff, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in a plaintiff's favor the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). However, the Court may dismiss a claim if the Court finds it based on "indisputably meritless legal theory." Id.

District courts may dismiss a frivolous complaint sua sponte pursuant to Rule 12(b)(6) where the claims are found to be fantastic and delusional. See Tyler v. Carter, 92-CV-8658, 1993 U.S. Dist. LEXIS 15735 (S.D.N.Y. Nov. 5, 1993) (dismissing fee-paid

complaint wherein plaintiff alleged that defendants, including Jimmy Carter, Bill Clinton and Ross Perot, were responsible for murdering 10 million black women and selling their bodies for meat and leather products), aff'd without opinion, 41 F.3d 1500 (2d Cir. 1994).

>The in forma pauperis statute
>
>> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the latter class . . . are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327-29, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The Second Circuit has adopted this analysis even when the plaintiff is not a prisoner or has paid the required filing fee. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (noting that "district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

This case must be dismissed for similar reasons. The Amended Complaint is replete with fantastic and delusional scenarios which warrant dismissal of the complaint with prejudice. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d at 363 (recognizing the need to dismiss frivolous actions sua sponte "in order to preserve scarce judicial resources"); Tyler v. Carter, 151 F.R.D. at 540 ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense.").

## CONCLUSION

For all of the reasons stated above, the Amended Complaint is hereby DISMISSED with prejudice. The Clerk of the Court is ordered to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       October 10, 2006